OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN 11



GROVER SELLERS
ATTORNEY GENERAL

Honorable L. W. Vance
County Attorney
Titus County
Box 207
Mt. Pleasant, Texas

Dear Sir:                    Opinion No. 0-6750

Re: Allowance of fees to County Clerk
for recording discharges of members
of the Armed Forces or Reserves.

We have received your request for our opinion on the hereinabove-captioned matter, and we quote from your letter as follows:

"Under Article 1939 of the revised Civil Statutes the county clerk has made claim for his fees for recording Soldier discharges. This Statute was amended by the 48th Legislature and simply states that no charge shall be made for the recording and keeping of these records.

"The Commissioner's Court here raises the question as to whether or not it is to allow any claim from the clerk for this service and I desire your opinion on the matter."

Article 1939, Title 41, Chapter 2, of the Revised Civil Statutes of Texas, 1925, reads as follows:

"Each county clerk shall record in a well bound book the official discharge of each soldier, sailor or other person resident in the county who served at home or abroad in the army or navy forces of the United States in the late World War. For such services said clerk shall be allowed by the commissioners court, out of the general fund of the county, net to exceed fifteen cents for each one hundred words so recorded."

Hon. L. W. Vance, page 2

This statute (Article 1939) was amended by Section 1, H. B. No. 109, Chap. 107, p. 187, Acts of the 48th Legislature, Regular Session, 1943, so as to read as follows:

"Each County Clerk shall record in a well-bound book the official discharge of each member of the Armed Forces of the United States of America or the Armed Force Reserve of the United States of America or the Auxiliary of either Armed Forces of the United States of America or the Armed Force Reserve of America who have served in the Armed Forces of the United States of America since 1916. There shall be no charge made for the recording and keeping of these records."

It will be observed that Article 1939 (as amended by the Acts of the 48th Legislature) provides that "there shall be no charge made for the recording and keeping of these records." (Underscoring ours)

Where a statute, civil or criminal, is expressed in plain and unambiguous language, and its meaning is clear and obvious, there is no room for construction. Caddy vs. First National Bank of Beaumont, 283 S. W. 472; Sparks vs. State, 174 S. W. 351.

The effective date of the above act was April 6, 1943, and since said date the foregoing provisions have governed the subject matter inquired about. In view of the plain provisions of the statute, it is our opinion that the Commissioners' Court of Titus County has no authority to allow any fees claimed by the County Clerk for recording and keeping discharges of members of the Armed Forces or Reserves.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By          J. C. Davis, Jr.
            J. C. Davis, Jr.
                 Assistant

JCD/JCP